UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 4:21CV64 JCH ) |
| SULTAN GENERAL CONSTRUCTION COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on attorneys Corey L. Franklin and Matthew D. Grabell and the law firm of FordHarrison, LLP's Motion to Withdraw as Counsel of Record for the Defendant, filed March 24, 2022. (ECF No. 25).

## BACKGROUND

Plaintiffs filed their Complaint in this matter on January 15, 2021, seeking to collect benefit contributions and associated damages allegedly due and owing from Defendant pursuant to § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, and pursuant to the terms of the collective bargaining agreement and the Funds' trust agreements. After the Clerk of Court entered default against Defendant Sultan General Construction Company, LLC, attorneys Corey L. Franklin and Matthew D. Grabell and the law firm of FordHarrison, LLP (collectively "FordHarrison"), entered their appearance on behalf of Defendant on August 6, 2021. The Court granted Defendant's Motion to Set Aside Clerk's

Entry of Default on August 31, 2021, and Defendant filed its Answer and Affirmative Defenses on September 14, 2021.

As noted above, on March 24, 2022, FordHarrison filed its Motion to Withdraw as Counsel of Record for the Defendant pursuant to Missouri Rules of Professional Conduct 4-1.16(b).  As support, FordHarrison asserts that Defendant has failed to abide by the terms of the engagement agreement it entered into with FordHarrison, and has continued to fail to honor those terms despite having been given warnings of a withdrawal motion.

## DISCUSSION

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client.  This rule is especially significant in cases where the client is a corporation, as a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

"'Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel.'"  *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014) (quoting *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, No. 88 CIV. 4896 MJL THK, 1996 WL 715526, at *2 (S.D. N.Y. Dec. 12, 1996); *see Top Sales, Inc. v. Designer Vans, Inc.*, No. CIV.A. 3:96-CV-0721, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it)).

In light of the foregoing, the Court will hold in abeyance FordHarrison's motion for leave to withdraw as counsel, and order Defendant to obtain substitute counsel no later than **May 26**,

**2022**. If Defendant fails to obtain substitute counsel within that time, it may be subject to a default judgment in favor of Plaintiffs. *See Forsythe v. Hales*, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). FordHarrison's motion to withdraw from representation of Defendant will be granted when substitute counsel enters an appearance, or on May 27, 2022, whichever comes first.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that FordHarrison's Motion to Withdraw as Counsel of Record for the Defendant (ECF No. 25) is **HELD IN ABEYANCE**, and the Court imposes a withdrawal notice period until **May 26, 2022**.

**IT IS FURTHER ORDERED** that Defendant shall obtain substitute counsel no later than **May 26, 2022**.

**IT IS FURTHER ORDERED** that Defendant's substitute counsel, if any, shall file an entry of appearance no later than **May 26, 2022**.

**IT IS FURTHER ORDERED** that counsel for Defendant shall provide a copy of this Memorandum and Order to Defendant via first class mail, postage prepaid, and via email, and file a notice with the Court that this has been done, within ten (10) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that on **May 27, 2022**, or upon the entry of substitute counsel for Defendant, whichever comes earlier, the Court will issue an order granting the motion of FordHarrison to withdraw from its representation of Defendant

.

Dated this 13th Day of April, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE